IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

MICHAEL A. LEWIS,                          :
                                           :
     Plaintiff,                     :
                                           :
     v.                             :          CIVIL ACTION NO.
                                           :          2:13-CV-69-RWS
PNC BANK, N.A. and RUBIN                   :
LUBLIN SUAREZ SERRANO,                     :
LLC,                                       :
                                           :
     Defendants.                    :

## ORDER

This case comes before the Court on Defendant PNC Bank's Motion to

Dismiss [2], Plaintiff's Motion to Remand to State Court [5], Defendant Rubin

Lublin Suarez Serrano's Motion to Dismiss [6], and Plaintiff's Motion to

Voluntarily Dismiss Without Prejudice [15].  After considering the record, the

Court enters the following Order.

### Background

This case arises out of the foreclosure sale of Plaintiff Michael A.

Lewis's real property located at 6213 Mulberry Park Drive, Braselton, Georgia

30517 ("Property").  On April 22, 2005, Plaintiff obtained a loan in the amount

of $187,900 from First Franklin, a Division of National City Bank of Indiana

("First Franklin"). (Security Deed, Dkt. [2-2].) To secure the loan, Plaintiff executed a Security Deed in favor of First Franklin. (Id.) On June 8, 2005, First Franklin assigned its interest in the Security Deed to First Franklin Financial Corporation, which in turn assigned its interest to National City Bank in February 2009. (Corporate Assignment, Dkt. [2-3]; Dkt. [2-4].) Defendant PNC Bank, N.A. is National City Bank's successor by merger. (Corporate Assignment, Dkt. [2-5].) All of the above assignments were recorded in the Hall County property records.

After Plaintiff defaulted on his loan, Defendant Rubin Lublin Suarez Serrano, LLC ("Rubin Lublin"), which represented PNC Bank, sent Plaintiff a foreclosure notice ("Notice") informing him that the foreclosure sale was scheduled for June 5, 2012. (Notice, Dkt. [2-6].) The Notice also included contact information for "SPS, Loss Mitigation Dept.," which was identified as "[t]he entity having full authority to negotiate, amend or modify all terms of the loan." (Id. at 3.)

Plaintiff filed suit in Hall County Superior Court against PNC Bank on July 12, 2012. Lewis v. PNC Bank, NA, No. 2:12-CV-202-RWS, Compl., Dkt. [1-1] (N.D. Ga. Aug. 22, 2012). Defendant PNC Bank removed to this Court

2

on August 22, 2012.  Id.  Eventually, Plaintiff moved to voluntarily dismiss his action without prejudice, which the Court granted on February 8, 2013.  Id., Dkt. [13].  Plaintiff then brought this action against both PNC Bank and Rubin Lublin on February 26, 2013, again in Hall County Superior Court.  (Compl., Dkt. [1-1].)  Defendants removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and now each seeks dismissal for Plaintiff's failure to state a claim upon which relief can be granted.  After moving to remand, on May 13 Plaintiff filed his Motion to Voluntarily Dismiss Without Prejudice [15] in which he argues that he has "newly discovered evidence that, without reasonable diligence, could not have been discovered in time."  The Court first considers whether it must remand this case before it addresses the other motions.

## Discussion

**I.      Plaintiff's Motion to Remand to State Court**

Defendant argues that remand is proper because the Court lacks subject matter jurisdiction.  A defendant may remove from state court to federal court any civil action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  On a motion to remand, the proponent of federal jurisdiction has the burden of establishing original jurisdiction for the

removal.  Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006).

Removal is allowed "where original jurisdiction exists at the time of removal."

Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010) (internal

quotes and citation omitted).  "[Federal] courts . . . have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of different

States."  28 U.S.C. § 1332(a).  The amount in controversy exceeds $75,000, and

Defendants argue that the parties are diverse because Plaintiff fraudulently

joined Rubin Lublin, the only Georgia defendant, solely to defeat diversity

jurisdiction.

     "A defendant may invoke the doctrine of fraudulent joinder to avoid the

complete-diversity rule."  Davidson v. Mortgage Electronic Registration

Systems Inc., No. 3:12-cv-47-TCB, 2012 WL 6971002, at *2 (N.D. Ga. Mar.

13, 2013).  When the doctrine of fraudulent joinder of a defendant is claimed,

"the removing party has the burden of proving either: (1) there is no possibility

that the plaintiff can establish a cause of action against the resident defendant;

or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident

into state court."  Crowe, 113 F.3d at 1538; see also Williams v. Best Buy Co.,

4

269 F.3d 1316, 1319 (11th Cir. 2001).  "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the Complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."  <u>Florence v. Crescent Res., LLC</u>, 484 F.3d 1293, 1299 (11th Cir. 2007).

"To determine whether the case should be remanded [because diversity jurisdiction is not present], the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  <u>Crowe</u>, 113 F.3d at 1538. "In doing so, the court may consider affidavits in deciding whether the plaintiff has stated an arguable claim."  <u>Davidson</u>, 2012 WL 6971002, at *2 (citing <u>Legg v. Wyeth</u>, 428 F.3d 1317, 1322 (11th Cir. 2005)). "The determination whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."  <u>Pacheco de Perez v. AT & T Co.</u>, 139 F.3d 1368, 1380 (11th Cir. 1998).

5

While a court is required to resolve questions of fact in a plaintiff's favor, "the court need not accept all of the plaintiff's claims as true in the face of unanswered affidavits squarely contradicting the plaintiff's factual assertions." In re ConAgra Peanut Butter Prods. Liab. Litig., No. 1:07-cv-2096, MDL No. 1:07-md-1845, 2008 WL 953023, at *2 (N.D. Ga. Apr. 8, 2008) (citing Legg, 428 F.3d at 1322-23).  That is, a court "does not assume that the plaintiff could or would prove the necessary facts in the absence of any proof."  Id.

Plaintiff does not allege how Rubin Lublin specifically committed any wrongdoing against him.  Rubin Lublin only served as counsel to PNC Bank and has no independent authority to foreclose on Plaintiff's Property.  Rubin Lublin does not hold any ownership or security interest in the Property. Moreover, Rubin Lublin owed no duty to Plaintiff because it acted only as PNC Bank's attorney and agent.  See Vieira v. Citigroup, Inc., No. 1:12-CV-1636-TWT, 2012 WL 6194350, at *5 (N.G. Ga. 2012) (holding that "typically a law firm owes no duty to its clients' adversary" (citing McKenna Long & Aldridge, LLP v. Keller, 598 S.E.2d 892, 894-95 (Ga. Ct. App. 2004))).  Rubin Lublin is thus **DISMISSED** from this action because there is no possibility that Plaintiff can establish a cause of action against it.  Consequently, Plaintiff's Motion to

6

Remand [5] is **DENIED**, and Defendant Rubin Lublin's Motion to Dismiss [6]

is **DENIED as moot**.

## II.    Plaintiff's Motion to Voluntarily Dismiss Without Prejudice

Next, Plaintiff asks the Court to permit him to voluntarily dismiss his

claim without prejudice.  Plaintiff cites Federal Rule of Civil Procedure 60(b),

stating that he has discovered new evidence and that he could not obtain

counsel in time to amend his complaint.  (Dkt. [15] at 1.)  Rule 60(b) does not

permit voluntary dismissals; it provides grounds for relief from a final

judgment.  Rule 41(a)(1), on the other hand, "permits a plaintiff to dismiss

voluntarily an action without prejudice without first seeking leave from the

court as long as the defendant has not yet filed either an answer or a motion for

summary judgment, whichever occurs first."  <u>Pontenberg v. Boston Scientific</u>

<u>Corp.</u>, 252 F.3d 1253, 1255 (11th Cir. 2001)  In an earlier suit against PNC

Bank on the same cause of action, Plaintiff voluntarily dismissed his claim for

the first time without prejudice.  <u>See</u> <u>Lewis</u>, No. 2:12-CV-202-RWS, Dkt. [13].

Thus, Plaintiff must seek dismissal without prejudice under Rule 41(a)(2),

which provides that, except where all parties agree to a stipulation of dismissal,

"an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2).

"A voluntary dismissal without prejudice is not a matter of right."  Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1502 (11th Cir. 1991). Rather, "[t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)."  Potenberg, 252 F.3d at 1255. In exercising this discretion, "the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.' "  Id. (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)).

"The purpose of [Rule 41(a)(2)] 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' "  McCants, 781 F.2d at 856 (quoting Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961)).  As such, "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect."  Id.; see also Fisher, 940 F.2d at 1503 (explaining that "when exercising its discretion in considering a dismissal without prejudice, the

8

court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.").  That said, the Eleventh Circuit has, on more than one occasion, instructed the district courts that " '[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.' "  Potenberg, 252 F.3d at 1255 (quoting McCants, 781 F.2d at 856-57) (emphasis in original).  "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." McCants, 781 F.2d at 857.  Rather, " '[t]he crucial question to be determined is[ whether] the defendant [would] lose any substantial right by the dismissal.' " Potenberg, 252 F.3d at 856-57 (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).

Defendants argue that they would be prejudiced if Plaintiff were again permitted to dismiss his suit without prejudice.  The Court agrees.  In Plaintiff's first suit, after PNC Bank filed its motion to dismiss and the Court denied his motion to remand, Plaintiff represented in his voluntary dismissal that he "wishe[d] to first pursue a good faith loan modification."  Lewis, No. 2:12-CV-202-RWS, Dkt. [12] at 1.  Then, less than three weeks after the Court granted

9

his motion to voluntarily dismiss, Plaintiff filed the instant action in state court using a nearly identical Complaint but with Rubin Lublin as an additional Defendant.  (Compl., Dkt. [1-1].)  Now, Plaintiff wishes to voluntarily dismiss again after moving to remand and after Defendants filed their Motions to Dismiss [2 and 6].  It thus appears that Plaintiff is attempting to avoid having the Court rule on the merits of his action.

While the mere prospect of a subsequent lawsuit is not grounds for denying Plaintiff's motion, the Court finds that Defendants would suffer legal prejudice if the Court were never permitted an opportunity to make a dispositive ruling in this case.  Furthermore, Plaintiff's explanation for seeking dismissal is insufficient because Plaintiff could have sought leave to amend after he discovered new evidence.  Because of the prejudice to Defendants and because it appears that Plaintiff seeks to dismiss for purposes of delay, Plaintiff's Motion to Voluntarily Dismiss Without Prejudice [15] is **DENIED**.  The Court now considers the merits of Plaintiff's claims.

## III.  Defendant PNC Bank's Motion to Dismiss

### A.  Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to

AO 72A
(Rev.8/82)

dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  Id. at 556. The plausibility standard "does not[, however,] impose a probability

11

requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

Finally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

12

liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 Fed. App'x 635, 637 (11th Cir. 2010).

B.      <u>Analysis</u>

Plaintiff has not responded to Defendant PNC Bank's Motion to Dismiss [2]. Therefore, it is deemed unopposed pursuant to Local Rule 7.1B.

1.      **Wrongful Foreclosure**

Plaintiff claims that Defendants wrongfully foreclosed on his Property by filing "fraudulent documents to aid themselves in gaining an interest in, or in the whole of Plaintiff's property, by forgery, fraud and general illegal means." (Dkt. [1-1] at 5.) He also alleges that PNC Bank could not rightfully foreclose because it did not hold the Note along with the Security Deed. (<u>Id.</u> at 7.) Finally, he argues that Defendants failed to provide him with proper notice under O.C.G.A. § 44-14-162.2 because they did not identify the secured creditor. (<u>Id.</u> at 9.)

To state a claim for wrongful foreclosure under Georgia law, Plaintiff must demonstrate: (1) a legal duty owed to him by the foreclosing party; (2) a

breach of that duty; (3) a causal connection between the breach of that duty and the injury he sustained; and (4) damages.  <u>Heritage Creek Dev. Corp. v. Colonial Bank</u>, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).  As a threshold matter, the Court finds that Plaintiff lacks standing to challenge any of the assignments of the Security Deed.  A person who is not a party to a contract or an intended third-party beneficiary of a contract lacks standing to challenge or enforce the contract.  <u>See</u> O.C.G.A. § 9-2-20(a) (stating that "an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent"); <u>Montgomery v. Bank of Am.</u>, 740 S.E.2d 434, 437-38 (Ga. Ct. App. 2013) (holding that a non-party to an assignment of a security deed lacks standing to contest its validity even if the execution of the assignment was somehow flawed).  Here, Plaintiff was not a party to the assignments or an intended third-party beneficiary and thus may not challenge their validity.

Next, Defendant PNC Bank rightly argues that splitting the Note and Security Deed did not render foreclosure invalid.  The Georgia Supreme Court recently rejected this theory in <u>You v. JP Morgan Chase Bank, N.A.</u>, stating that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized

to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." 743 S.E.2d 428, 433 (Ga. 2013). The Security Deed expressly granted "to Lender and Lender's successors and assigns, with power of sale," the Property to secure repayment of the loan. (Security Deed, Dkt. [2-2] at 2.) Therefore, PNC Bank could properly exercise its power to foreclose even though it did not hold the Note.

Finally, foreclosure notice requirements are governed by O.C.G.A. § 44-14-162.2, which reads:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor . . . .

The Georgia Supreme Court also addressed this statute's requirements in You. According to the court, the statute requires only that the entity with full authority to negotiate, amend, and modify the mortgage be identified. 743 S.E.2d at 433. It continued:

15

> If that individual or entity is the holder of the security deed, then
> the deed holder must be identified in the notice; if that individual
> or entity is the note holder, then the note holder must be identified.
> If that individual or entity is someone other than the deed holder or
> the note holder, such as an attorney or servicing agent, then that
> person or entity must be identified.  The statute requires no more
> and no less.

Id. at 433-34.  The court also held that "the required notice need not expressly identify the foreclosing party as the 'secured creditor.' "  Id. at 434 n.7.

The foreclosure Notice here identified SPS as "[t]he entity having full authority to negotiate, amend or modify all terms of the loan."  (Notice, Dkt. [-2-6] at 3.)  In compliance with the statute, the Notice also included that entity's name, address, and telephone number.  Therefore, the Court finds that none of Plaintiff's allegations state a claim for wrongful foreclosure.

## 2.   Other Claims and Prayer for Relief

To the extent that Plaintiff alleges that Defendants committed fraud, this claim fails as a matter of law.  The Court has already concluded that Plaintiff has no standing to challenge the validity of the assignment, nor do his conclusory allegations state a claim under the pleading standards of Iqbal and Twombly, let alone the heightened pleading requirement for fraud under

16

Federal Rule of Civil Procedure 9(b).  <u>See</u> Rule 9(b) (requiring a plaintiff to "state with particularity the circumstances constituting fraud").

The Court also finds that Plaintiff has failed to state a claim for intentional infliction of emotional distress.  In Georgia, to establish a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) intentional or reckless conduct, (2) that is extreme and outrageous and (3) causes emotional distress (4) that is severe."  <u>Collier v. Kroger Co.</u>, 683 S.E.2d 625, 626 (Ga. Ct. App. 2009).  However, a lawful foreclosure, as emotionally distressing as that may be, is not extreme and outrageous behavior that would give rise to a claim for intentional infliction of emotional distress.

Finally, Plaintiff requests a declaratory judgment based on his wrongful foreclosure claim.  But as there are no allegations demonstrating the existence of an actual controversy, Plaintiff is not entitled to declaratory relief.  <u>See</u> O.C.G.A. § 9-4-2(a) (providing that declaratory judgments may be issued in "cases of actual controversy"); <u>Lubin v. Cincinnati Ins. Co.</u>, No. 1:09-CV-1156-RWS, 2009 WL 4641765, at *3 (N.D. Ga. Nov. 30, 2009) ("In order to bring a declaratory judgment action an actual controversy must exist.  The issue is whether the facts alleged, under all the circumstances, show that there is a

17

substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." (internal quotation marks and citations omitted)).  To the extent that Plaintiff prays for any other relief related to his wrongful foreclosure claim, those requests are **DENIED**.  Accordingly, Defendant PNC Bank's Motion to Dismiss [2] is **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendant Rubin Lublin Suarez Serrano, LLC is **DISMISSED** from this action.  In addition, Defendant PNC Bank's Motion to Dismiss [2] is **GRANTED**, Plaintiff's Motion to Remand to State Court [5] is **DENIED**, Defendant Rubin Lublin Suarez Serrano's Motion to Dismiss [6] is **DENIED as moot**, and Plaintiff's Motion to Voluntarily Dismiss Without Prejudice [15] is **DENIED**.  The Clerk shall close the case.

**SO ORDERED**, this  23rd  day of December, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE


18